**In re: VISI–TRAK CORPORATION, Debtor.**

**No. 99–14624.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

April 11, 2000.

Jeffrey Baddeley, Porter Wright Morris & Arthur, Cleveland, OH, for John R. Michowski.

R. Timothy Coerdt, Baker & Holstetler, Cleveland, OH, for debtors.

Mary K. Whitmer, Brouse McDowell, Cleveland, OH, for Committee of Unsecured Creditors.

*ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

Before the Court is a motion of Visi–Trak Corporation (the Debtor) for relief from judgment or, alternatively, to amend judgment. Also before the Court is a motion of the official Committee of unsecured creditors (the Committee) for a stay pending appeal and its motion for rehearing pursuant to Rule 59, Fed.R.Civ.P. and Rule 9023, Bankr.R. Upon due consideration of each motion, the following findings of fact and conclusions of law are hereby rendered:

The Debtor caused its voluntary petition for relief to be filed on June 15, 1999. Upon a duly noticed hearing on the motion of the largest unsecured creditor, John R. Mickowski, the Debtor's case was dismissed on March 24, 2000. The aforementioned motions were timely filed in response.

Upon presentment and consideration of evidence adduced at the hearing on the subject motions, it is apparent that this Court's finding for dismissal of the Debtor's case relating to certain prepetition conduct attributed to the Debtor was unwarranted. An examination of the District Court's June 1, 1999 and June 4, 1999 hearing transcripts clearly evinces that that Court's Temporary Restraining Order was violated by the Debtor.[1] Exhibit D. Indeed, the Debtor's counsel conceded there was a violation of the T.R.O. Nonetheless, upon further directive, the assets removed were returned to the Debtor's location. No evidence of any further removal of the Debtor's assets have been alleged or demonstrated in violation of the District Court's Preliminary Injunction Order. The District Court was not required to engage the services of the U.S. Marshal to enforce either of its injunctive orders, as was previously understood.

Accordingly, the Debtor's Motion for Relief from Judgment is hereby granted. Consequently, the Committee's Motion for Stay and its Motion for Rehearing are rendered moot. This Court's Order and Judgment of dismissal entered on March 24, 2000 are hereby vacated, and the case is reinstated. The Debtor's Motion for leave to file its disclosure statement is granted until April 28, 2000.

IT IS SO ORDERED.

---

1. See, Transcript of Proceedings had before The Honorable John M. Manos, June 1, 1999, pp. 8, 9, 11–20.